UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| KRIS SAKELARIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:05-CV-158 PPS |
| | ) | |
| | ) | |
| JAMES DANIKOLAS, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on Defendant James Danikolas's Motion for Judgment on the Pleadings [Doc. 27]. Danikolas asserts that this action must be dismissed because Plaintiff Kris Sakelaris did not join Lake County to the action. Because factual questions prevent the Court from completing the indispensable party analysis under Fed. R. Civ. P. 19(a), Danikolas's motion is **DENIED** for now.

## BACKGROUND

Sakelaris was employed as a Magistrate Judge in Lake County Superior Court from January 2002 until she was discharged in May 2003. During her tenure as a magistrate judge, Sakelaris participated in disciplinary proceedings against Danikolas in connection with a complaint that the Indiana Commission on Judicial Qualifications (the "Commission") filed alleging that Danikolas had violated the rule against *ex parte* communications. Specifically, in December 2002, Sakelaris gave a deposition. Although we do not know the substance of Sakelaris's statements during the deposition, she alleges that Danikolas expected her to give false testimony and that she refused to do so. Danikolas and the Commission settled the charges

in February 2003. Sakelaris alleges that shortly after the settlement, Danikolas began taking retaliatory actions against her and, ultimately, terminated her position effective May 2, 2003.

The Commission opened another proceeding against Danikolas in March 2004. This time, the Commission alleged that Danikolas violated the Code of Judicial Conduct by firing Sakelaris in retaliation for her testimony at the December 2002 deposition. After a hearing on the evidence, a panel of Special Masters found that the Commission had proven its charge by clear and convincing evidence.

Thereafter, Sakelaris filed this action against Danikolas, who is now deceased, in both his individual and official capacities alleging that Danikolas violated her First Amendment rights by firing her in retaliation for her deposition testimony as well as violations of the Indiana Constitution and Indiana wrongful discharge laws. Sakelaris seeks a variety of remedies including:

    a.    a declaration that Danikolas violated her federal and Indiana constitutional rights;

    b.    resinstatement with lost wages and benefits;

    c.    compensatory damages;

    d.    punitive damages from the defendant in his individual capacity; and

    e.    costs and attorneys fees.

Danikolas answered Sakelaris's complaint and raised her failure to join Lake County as a necessary party as an affirmative defense. Thereafter, Danikolas filed the motion for judgment on the pleadings which is presently before the Court.

## DISCUSSION

**A.    Motion to Strike**

Before reaching the merits of Danikolas's Motion for Judgment on the Pleadings, we address Sakelaris's Motion to Strike [Doc. 31] which addresses certain factual statements presented in Danikolas's motion. Danikolas brought his motion pursuant to Federal Rule of Civil Procedure 12(c) which provides:

> After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings.  If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

*Id.*

Contrary to provision of Rule 12(c), Danikolas included a variety of factual statements in both his opening brief and his reply brief in which he asserts that Lake County pays a portion of magistrate judges' salaries and that Lake County "makes appropriations and pays court expenses, salary and employment benefits of court personnel." (Def. Brief at 2, 5; Def. Reply at 2, 4).  These facts are not included in the Sakelaris's complaint or Danikolas's answer.  As such, they are facts outside of the pleadings and we must either strike the statements or convert Danikolas's motion to a motion for summary judgment pursuant to Fed. R. Civ. P. 56.  Fed. R. Civ. P. 12(c); *Republic Steel Corp. v. Penn. Engineering Corp.*, 785 F.2d 174, 178 (7th Cir. 1986).

Danikolas has not cited any relevant law nor provided any affidavits or other evidence demonstrating that Lake County actually paid a portion of Sakelaris's salary. Danikolas does cite

3

to I.C. § 33-23-5-11 which provides that "a county located in the circuit that the magistrate serves *may* supplement the magistrate's salary." *Id*. (emphasis added). This statute does not resolve any factual question as to whether Lake County actually pays any supplement to magistrate judges' salaries. Similarly, *Tipton County ex rel. Tipton County Council v. State ex rel. Nash*, 731 N.E.2d 12 (Ind. Ct. App. 2000), discusses how county contributions to a magistrate judge's salary combine with the state-paid salary to comprise one single judicial salary. *Id*. at 15-16. However, *Tipton* does nothing to resolve the issue of whether Lake County actually pays a supplement to the salaries of magistrate judges located within its boundaries.

Even if we were to treat Danikolas's motion as one for summary judgment and provide Sakelaris with an opportunity to respond, we could not consider Danikolas's allegations as there is no record before the Court to support those allegations. Certainly, unsupported statements in a memorandum to the Court like the ones we have here do not meet the requirements of Rule 56(e). Accordingly, we see no reason to exercise the Court's discretion to convert Danikolas's motion for judgment on the pleadings into a motion for summary judgment where, as here, we could not consider the allegations outside the four corners of the pleadings regardless of the form of the motion. Thus, Sakelaris's motion to strike [Doc. 31] is **GRANTED**.

**B.     Motion for Judgment on the Pleadings**

The standard for granting a party's motion for judgment on the pleadings under Rule 12(c) is the same as the standard required to grant a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Owner-Operators Independent Drivers Ass'n. v. Mayflower Transit*, 2006 WL 1794751 at * 2-3 (S.D. Ind. June 27, 2006). Thus, in applying this standard in ruling on a motion for judgment on the pleadings, we must accept as true a complaint's well-pleaded factual

allegations and must draw all reasonable inferences in the non-movant's favor. *Id*.

Rule 12(b)(7) provides for dismissal of an action where there is a "failure to join an indispensable party under Rule 19." Fed. R. Civ. P. 12(b)(7). The district court must conduct a two-part analysis under Rule 19. *Extra Equipmentos E Exportacao LTDA., et al. v. Case Corp.*, 361 F.3d 359, 361 (7th Cir. 2004). First, the court should determine whether the party could be feasibly joined under Rule 19(a). *Thomas v. U.S.*, 189 F. 3d 662, 667 (7th Cir. 1999). Under Rule 19(a), the court must consider (1) whether complete relief can be afforded among the parties in the absence of the party; (2) whether the absent party's ability to protect its interests will be impaired; and (3) whether existing parties might be subject to a "substantial risk" of multiple or inconsistent litigation if the absent party is not joined. *Id*.

If the court determines that the threshold requirements of Rule 19(a) have been satisfied, it should then consider whether "in equity and good conscience the action should [not] proceed among the parties before [the court] in the necessary party's absence. . . ." *Salton Inc. v. Phillips Domestic Appliances and Personal Care B.V.*, 391 F.3d 871, 877 (7th Cir. 2004); Fed. R. Civ. P. 19(b). Rule 19(b) sets forth several applicable factors to aid district courts in determining whether a decision would be in "equity" and "good conscience." Among these are (1) whether the litigants or the party to be joined would potentially experience prejudice in the case of nonjoinder; (2) whether the court can award an adequate remedy in the absence of that party; and (3) whether dismissal of the actions would deprive the plaintiff of an adequate remedy. *Boulevard Bank Nat'l Ass'n v. Phillips Med. Sys. Int'l B.V.*, 15 F.3d 1419, 1423 (7th Cir. 1994). If it is impossible to structure a judgment in the absence of the party that will protect both the parties' and the litigants' rights, the unavailable party is "indispensable" and the action should be

dismissed under Rule 12(b)(7).  *Canada Pac. Ry. Co. v. Williams-Hayward Protective Coatings, Inc.,* No. 02 C 8800, 2003 WL 1907943, *2 (N.D. Ill., Apr. 17, 2003), *Extra Equipmentos E Exportacao LTDA., et al.*, 361 F. 3d 359, 361 (7th Cir. 2004).

To begin with, although Danikolas claims that Lake County is "indispensable" to the outcome of this case, it's worth pointing out that Danikolas has made no effort to utilize Federal Rule of Civil Procedure 14(a) to bring a third party action against Lake County.  If Danikolas believes – in the event there is a finding of liability – that Lake County must share the burden of making her whole, then nothing that the Court is aware of prevents Danikolas from bringing a third party action against Lake County.  Of course, because it is more than ten days after the answer has been filed in this case, any third-party action must now be done with leave of court.  *See* Fed.R.Civ. P. 14(a).

More to the point, in this case, a significant factual question prohibits us from completing step one of the indispensable party analysis under Rule 19(a).  To determine whether or not complete relief can be afforded to the Plaintiff without Lake County being in the case, which is the first factor to be considered in the Rule 19(a) analysis, we must first know whether or not Lake County made contributions to Sakelaris's salary or benefits package.[1]  This Court has no idea what the financial relationship is between the State of Indiana and Lake County when it comes to compensating magistrate judges.  Suppose Sakelaris prevails in this case and is awarded back pay.  Who pays it?  Without further development of the record, we cannot meaningfully answer the basic question of whether complete relief can be afforded to Sakelaris

---

[1]Although we have stricken Danikolas's factual assertions in this regard, we note that the language of I.C. § 33-23-5-11 raises the question of whether, in fact, Lake County contributed to Sakelaris's compensation in any way.

without Lake County being part of the case. For the same reason, the second factor in the Rule 19(a) analysis – whether Lake County's ability to protect its interest will be impaired – is also unknown at this time.

Generally speaking, claims for back wages and benefits are claims for equitable relief when they are combined with a request for reinstatement – as Sakelaris has requested in this case. *Van Kast v. Bd. of Educ. of Chicago*, 1990 WL 60720 at *1 (N.D. Ill. April 20, 1990). Thus, if an award of back wages is appropriate in this case, then, assuming that Lake County contributed to Sakelaris's wages and/or benefits package, Lake County may be required to contribute to the award of back wages. The equitable relief that Sakelaris seeks could, therefore, create a financial interest in the outcome of the case for Lake County that Lake County cannot protect unless it is a party to the lawsuit.[2] *See, e.g.*, *Cantrell v. Morris*, 2005 WL 1149416 at *4 (N.D. Ind. May 17, 2005). Again, we cannot answer this basic question because, on the record before the Court, it is impossible to determine whether Lake County does, in fact, contribute to magistrate judges' compensation packages under I.C. § 33-23-5-11.

We therefore find that any ruling on the "indispensability" of Lake County under Rule 19(a) is premature in the absence of a complete factual record. *See Van Kirk v. Campbell*, 7 F.R.D. 231, 232 (S.D.N.Y. 1946).

---

[2] Sakelaris has raised an argument suggesting that Lake County would not be responsible for back wages even if such a remedy is ordered. In particular, Sakelaris argues that if back wages are awarded in this case against Danikolas individually, they would be compensatory damages that the state must pay under I.C. § 34-13-4-1. Thus, they claim that an award of back wages in this case would not be an equitable remedy. We need not address this argument in the abstract. If Danikolas can provide the Court with record evidence that Lake County has a financial interest in the outcome of this litigation vis-a-vis a back pay award, only then will it be necessary for the Court to reach this argument.

7

**CONCLUSION**

Because we find that the Court lacks a complete record on which to determine whether Lake County is an indispensable party for purposes of Rule 19, Danikolas's Motion for Judgment on the Pleadings [Doc. 27] is **DENIED**. However, such denial is without prejudice and Danikolas may re-raise this issue in a properly supported motion for summary judgment. Should Danikolas choose to file such a motion, he shall do so by November 1, 2006. The parties may then file responses and replies as set forth in Local Rule 56.1. The Court will revisit the final pretrial and trial dates if necessary.

**SO ORDERED.**

ENTERED: September 14, 2006

S/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT