UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| KRIS SAKELARIS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 2: 05-CV-158 |
| | ) | |
| JAMES DANIKOLAS, | ) | |
| | ) | |
| Individually and in his capacity as Judge of the Lake County Superior Court | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This Court must confront the issue of whether the present action can proceed without the inclusion of Lake County, Indiana, as a party. We previously addressed this issue in the context of Defendants' Motion to Dismiss, and now Defendants have asked us to consider this issue again in their Motion for Summary Judgment. Because we find that the presence of Lake County, Indiana, as a party is not necessary to the present litigation, Defendants' Motion for Summary Judgment [Doc. 60] is denied.

**Background**

The present lawsuit arises from Plaintiff's employment as a magistrate judge in the Lake County Superior Court. Her employment as a full-time magistrate judge for the Lake County Superior Court began in January 2002 and ended with her discharge in May 2003. Magistrate judges' salaries are set and paid for by the State of Indiana. However, some counties – Lake County being one of them – supplements the salary provided by the state. Thus, during her tenure with the Lake County Superior Court, the State of Indiana paid 93.85% of Plaintiff's

annual salary and Lake County paid the remaining 6.15% of her annual salary.

As discussed in this Court's earlier orders [Docs. 46, 66, and 67], in 2002, the Indiana Commission on Judicial Qualifications ("Commission") investigated Judge Danikolas regarding an alleged violation of the rule against ex parte communications.  Plaintiff was subpoenaed as a witness in the disciplinary proceeding, and when she was ultimately deposed, she provided unfavorable testimony regarding Judge Danikolas' conduct.  Shortly thereafter, Plaintiff was discharged.

A little less than a year later, the Commission commenced another proceeding against Judge Danikolas, this time claiming that he violated the Code of Judicial Conduct by discharging Plaintiff in retaliation for her participation in the earlier disciplinary proceeding.  Plaintiff subsequently filed the present action against Judge Danikolas, in his individual and official capacities, for violation of her First Amendment rights and her rights under the Indiana constitution and wrongful discharge laws.

In her complaint, Plaintiff seeks, *inter alia*, compensatory damages, punitive damages, attorneys' fees, and an injunction for her reinstatement, lost wages, and lost benefits.   Though Lake County has been aware of this litigation for more than a year, it has never sought to intervene in this action; indeed, Lake County informed the state that it had no interest in the litigation because "there would be no obligation by Lake County for payment based upon applicable law as well as Plaintiff's complaint."  (Pl.'s Resp. at pp. 3-4.)  Furthermore, Defendants have never sought to file a third-party complaint against the county in the present action despite the fact that doing so would not destroy this Court's jurisdiction;  nor have the Defendants sought to file a separate indemnity action against the county.

## Analysis

Defendants argue that the equitable remedies sought by Plaintiff require Lake County to be joined as a party under Rule 19; accordingly, we must first determine the nature of the relief sought against each defendant.  With respect to the official capacity suit against Judge Danikolas, we are mindful that Indiana Superior Court judges are judicial officers of the state judicial system, as opposed to county officials, *Woods v. City of Michigan City*, 940 F.2d 275, 278-90 (7th Cir. 1991); therefore, any action against Judge Danikolas in his official capacity is an action against the State of Indiana.  *See Armstrong v. Squadrito*, 152 F.3d 564, 582 (7th Cir. 1998).  Because the Eleventh Amendment restricts the relief available against the state or state officials, *Ex Parte Young*, 209 U.S. 123 (1908), the only remedy available for the official capacity suit against Danikolas is prospective injunctive relief (i.e., the claim for reinstatement). *Lenea v. Lane*, 882 F.2d 1171, 1178 (7th Cir. 1989) (backpay from state is barred by the Eleventh Amendment).

With respect to the individual capacity suit against Judge Danikolas, state officials can be sued for damages in their individual capacities under § 1983, but they cannot be sued for equitable relief such as reinstatement or back pay, as individual defendants have no power to pay back wages or affect the state's treasury.  *Lena*, 882 F.2d at 1178-79.  While Defendants ask this Court to consider Plaintiff's claim for back pay as an equitable remedy, we decline to do so, for in the context of the individual capacity claim, it is more properly considered a claim for money damages.  *Id.* at 1178-79 (request for backpay from individual defendants is actually request for damages); *see also Benton v. Robinson*, 1990 WL 251745 (N.D.Ill. 1990) (same).  Pursuant to I.C. 34-13-4-1, the state agreed to indemnify Judge Danikolas' estate in the event of an award of

damages entered against it.

In the present motion for summary judgment, the Defendants contend that Lake County is a necessary party to this litigation under Rule 19(a). This claim is an odd one inasmuch as Defendants have not filed a third-party action against Lake County. If the Defendants truly view Lake County as "necessary," nothing has prevented them from bringing Lake County into the case under Rule 14's third party practice. *See* Fed.R.Civ.P. 14.

Under Rule 19(a), a party is necessary if: (1) in the party's absence a court cannot accord complete relief to those already parties; or (2) the party claims an interest relating to the subject of the action and disposition in its absence may impair its ability to protect that interest or leave any of those already parties subject to a substantial risk of incurring multiple or inconsistent obligations. Fed.R.Civ.P. 19(a). Any party deemed "necessary" to the litigation must be joined, if feasible. The decision of who is a necessary party is left to the discretion of the district court and it is a highly fact intensive inquiry. *See* Wright and Miller § 1609 at 39 (2001 ed).

"The purpose of Rule 19 under the Federal Rules of Civil Procedure is to permit joinder of all materially interested parties to a single lawsuit so as to protect interested parties and avoid waste of judicial resources." *Davis Cos. v. Emerald Casino, Inc.*, 268 F.3d 477, 481 (7th Cir.2001). Therefore, when deciding a request for dismissal under Rule 19, a court must apply all of the factors in a practical and equitable manner to avoid harsh results of rigid application. *United States ex rel. Hall v. Tribal Dev. Corp.*, 100 F.3d 476, 481 (7th Cir.1996). Defendants, as the moving parties, have the burden of persuasion when they argue for dismissal pursuant to Rule 19, *Southeastern Sheet Metal Joint Apprenticeship Training Fund v. Barsuli*, 950 F.Supp. 1406, 1414 (E.D.Wis.1997), and we find that they are unable to meet this burden.

Defendants have failed to present any evidence that the County's absence will eliminate the parties' ability to obtain complete relief. To begin with, it is telling that Plaintiff chose not to sue Lake County and in her briefing has expressed no interest in Lake County. This forecloses any argument that prejudice to her will result from the absence of Lake County. In any event, the Plaintiff can obtain complete relief for her compensatory damages from Danikolas as a Defendant in his individual capacity whether they collect those damages from Danikolas' estate or from the State directly (recall that the State – by operation of its own statute – has chosen to indemnify Danikolas and his estate from any money damages that may be awarded against Danikolas in his individual capacity). Thus, Plaintiff can obtain complete relief for her compensatory damages from the existing parties to the case.

As for the claim for reinstatement, Sakelaris can also obtain this relief – if it is appropriate and we express no view on that point at this time – through the claim against Danikolas in his official capacity. If this occurs, the State will only be on the hook going forward for its share of the magistrate judge's salary. Thus, there is no risk that the State will also have to pay the Lake County share of that salary.

The Defendants have not filed a third-party action against the County, although they clearly could have without destroying our jurisdiction. *See Brown v. Chaffee*, 612 F.2d 497 (10th Cir. 1979). Their refusal to do so makes it clear that they do not deem the County as a necessary party. Thus, if Defendants believe that they will be subjected to a judgment for which Lake County is responsible, either in part or in whole, they either could have impleaded Lake County under Rule 14 or they could seek indemnification from Lake County in a later action. Fed.R.Civ.Pro. 14(a); *see Pasco Indem. (London) Ltd. v. Stenograph Corp.*, 637 F.2d 496 (7th

5

Cir. 1980) (finding that "the existence of the Rule 14 provisions demonstrates that parties ... who may be impleaded under Rule 14 are not indispensable parties within Rule 19(b). If persons subject to rights of indemnity or contribution were always indispensable parties, there would not be a need for the impleader provisions of Rule 14").

Furthermore, we find that the County's absence from this litigation will not impair its rights, a conclusion bolstered by the fact that the County has already disclaimed any interest in this litigation. When an absent party – like the County in this case – foregoes intervention, this is indicative of the fact that it does not deem its interest to be threatened by the litigation. Under these circumstances, I am loathe to second guess the County's decision. *See e.g. United States v. San Juan Bay Marina*, 239 F.3d 400, 406-07 (1st Cir. 2001).

## Conclusion

Because Defendants have failed to present sufficient evidence that Lake County is a necessary party, Defendants Motion for Summary Judgment [Doc. 60] is **DENIED**.

**SO ORDERED**.

ENTERED:  June 22, 2007

                                                                        s/ Philip P. Simon
                                                                        PHILIP P. SIMON, JUDGE
                                                                        UNITED STATES DISTRICT COURT